UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WILLIS BENDER,<br><br>                             Petitioner,<br><br>v.<br><br>THE PEOPLE OF STATE OF CALIFORNIA,<br><br>                             Respondent. | Case No.:  25-cv-1747 CAB (VET)<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION WITHOUT PREJUDICE**<br><br>**(2) DENYING MOTION TO FILE RECORDS UNDER SEAL WITHOUT PREJUDICE AS MOOT AND**<br><br>**(3) STRIKING EXHIBIT A**<br><br>**[Doc. No. 2]** |

On June 13, 2025, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Central District of California along with a motion to file records under seal.  [Doc. Nos. 1-2.]  After providing notice to Petitioner that he had not paid the filing fee nor requested to proceed in forma pauperis, [*see* Doc. No. 3], on July 7, 2025, the instant case was transferred to this district.  [Doc. Nos. 5-7.]  For the reasons discussed below, the Court **DISMISSES** the Petition without

prejudice, **DENIES** the motion to file records under seal without prejudice and **STRIKES** Exhibit A from the electronic docket with instructions below in the event Petitioner seeks to resubmit any documents for filing under seal.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.[1]  The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.  *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

### **FAILURE TO NAME A PROPER RESPONDENT**

Petitioner has also failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.  Here, Petitioner has named "The People of State of California" as Respondent.  [*See* Doc. No. 1 at 1.]  In order for this Court to entertain the Petition, Petitioner must name the Warden in charge of the state correctional facility in which he is presently confined or the Director of the California

---

[1] The Court recognizes that the Central District previously informed Petitioner of the filing fee requirement and instructed Petitioner in a June 20, 2025 letter that his failure to respond within 30 days of the letter's date may result in dismissal.  [*See* Doc. No. 3.]  To date, no response has been docketed.  Regardless of that previously imposed deadline, the Court finds the instant case also warrants dismissal for reasons independent of the filing fee requirement, as discussed below.

Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the instant Petition is also subject to dismissal for failure to name a proper Respondent.

## **FAILURE TO EXHAUST STATE COURT REMEDIES**

Upon review, it also does not appear state court remedies have been exhausted as to either of the two enumerated claims in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling

at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

While Petitioner indicates he has "exhausted all his claims pertaining to the state remedies including up to the State Supreme Court" and indicates the California Supreme Court's denial was dated May 28, 2025, [*see* Doc. No. 1 at 2, 13], he cites to Exhibit C in support of this assertion, [*see id.* at 6, 13], which only reflects that on May 28, 2025, the California Supreme Court denied his "motion to file records on appeal under seal" in case number S288924, entitled *In re LEE WILLIS BENDER on Habeas Corpus*. [*See id.* at 41.] A review of the California Supreme Court docket reflects the status of case number S288924 as "case initiated" and that the most recent docket activity was the May 28, 2025, denial of the motion to seal. (*See* S288924 at https://supreme.courts.ca.gov/case-information/docket-search, last visited July 15, 2025). Given Petitioner's habeas proceeding currently remains pending before the state supreme court and Petitioner indicates the two claims he presents in the federal Petition have been presented to the state supreme court in that habeas petition, it does not appear state remedies have yet been exhausted. *See Duncan*, 513 U.S. at 365 ("[E]xhaustion of state remedies requires that petitioners 'fairly presen(t)' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."), quoting *Picard*, 404 U.S. at 275 (internal quote marks omitted); *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) ("[Petitioner] now has a post conviction proceeding pending in the [state court], and therefore has not exhausted his presently-available state remedies, this being a condition precedent to the granting, by a federal court, of an application by a state prisoner for a writ of habeas corpus.").

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because Petitioner has not exhausted state court remedies as to

either of the two enumerated claims in the Petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."),

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

///

///

## MOTION TO FILE RECORDS UNDER SEAL

Finally, the Court addresses Petitioner's motion to file records (Exhibit A to the Petition) under seal. Because the Petition presently warrants dismissal as discussed above, the Court **DENIES** this motion [Doc. No. 2] without prejudice as moot. The Clerk of the Court is **ORDERED** to **STRIKE** Exhibit A (currently located at Doc. No. 1 at 21–30). This public filing contains materials Petitioner has sought to file under seal.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent and failure to exhaust state judicial remedies, **DENIES** the motion to file records under seal [Doc. No. 2] without prejudice as moot and **ORDERS** the Clerk of Court to **STRIKE** Exhibit A [Doc. No. 1 at 21–30].

If Petitioner wishes to re-open and proceed with this habeas action, Petitioner must submit, no later than **September 15, 2025**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.

Should Petitioner seek to file any documents under seal, Petitioner should submit a motion to seal and clearly identify the documents to be sealed. If the Court grants a motion to seal, the Clerk of the Court will file the documents (previously identified in a clear manner by Petitioner) under seal on CM/ECF.

**IT IS SO ORDERED.**

Dated:  July 16, 2025

Hon. Cathy Ann Bencivengo
United States District Judge